NO. 07-03-0181-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2003

_____

JOSE SANTOS CERVANTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14649-0209; HONORABLE JACK R. MILLER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Jose Santos Cervantes was convicted of theft and punishment was assessed at two years in a state jail facility, suspended for five years. The clerk's record and reporter's record have both been filed. Appellant's brief was due to be filed on or before June 30, 2003, but has yet to be filed. Also, no motion for

extension of time has been filed. By letter dated July 25, 2003, this Court notified appellant, proceeding pro se, of the defect and directed him to explain by August 5, 2003, why the brief has not been filed. Appellant did not respond and the brief remains outstanding.

Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and

2. whether appellant is indigent and entitled to appointed counsel;

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included

in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, September 26, 2003.

It is so ordered.

Per Curiam

Do not publish.